# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.                                                       **Case No: 6:22-cr-96-PGB-DCI**

**CURTIS TYRONE JOHNSON**

        **Defendant.**

## ORDER

This matter comes before the Court on the Defendant's Motion for Reconsideration of Surety Bond Condition. Doc. 34 (the Motion).

On September 16, 2022, pursuant to 18 U.S.C. § 3142(f), the Court held a pretrial detention hearing in this matter. Doc. 28. Following that two-and-a-half hour evidentiary hearing, the Court determined that the government had not met its burdens concerning pretrial detention and that conditions of release could be set that will reasonably assure the Defendant's appearance as required and the safety of any other person and the community. *Id*. Accordingly, the Court set conditions of release. Doc. 29. One of those conditions was a $50,000 corporate surety bond. *Id*. While not a typical condition imposed by the Court, the Defendant had already posted a $50,000 corporate surety bond in the state case that was adopted by the United States and charged here. The Defendant had complied with his bond conditions in that state case prior to his arrest in this case and, at the detention hearing, had submitted in evidence a letter of support by the bondsperson. Doc. 36-3. Thus, believing that the Defendant could meet that financial condition and that the Defendant had a willing bondsperson, the Court set as a condition of release a $50,000 corporate surety bond. Doc. 29. At the hearing, the undersigned described the corporate surety bond

condition as "required" given the factors under consideration in § 3142(g), but also described it as an "additional" layer of protection available to the Court given the supportive bondsperson.

On October 5, 2022, the Defendant filed the Motion, and the Court set it for a hearing. Docs. 34; 37.  In the Motion, the Defendant explained that he could not meet the financial requirements of posting the corporate surety bond.  *Id*.  As explained in the Motion, and in more detail at the hearing, the Defendant had been on a payment plan with the bondsperson in the state case, but in this federal case, the bondsperson was "requesting too much money up front."  Doc. 34 at 2.  Thus, the Defendant argued that the only reason he is detained is that he can't afford to pay the bondsperson.

As stated in the Motion, § 3142(c)(2) directs that, "The judicial officer may not impose a financial condition that results in the pretrial detention of the person."  Further, perhaps anticipating a situation like that now before the Court, the next subsection of the statute states that, "The judicial officer may at any time amend the order to impose additional or different conditions of release."  § 3142(c)(3).

Yet while the Court cannot impose a financial condition that results in pretrial detention, the question the Court must address at this juncture is whether the financial condition the Court set was necessary to the determination that conditions of release could be set at all.  If the Court finds that the corporate surety bond was a necessary condition, then pretrial detention is appropriate; but release is appropriate if the Court finds that other conditions can be substituted that will reasonably assure the Defendant's appearance as required and the safety of any other person and the community.  In considering this matter, the Court has reviewed the entire record, including the digital recording of the evidentiary hearing, the parties' exhibits, the pretrial services report, and the filings in this matter.

The Court finds that other conditions can be substituted for the corporate surety bond. The Court will release the Defendant on all the same conditions, but the corporate surety bond condition will be substituted in favor of a $50,000 signature bond co-signed by Monique Peterkin, the Defendant's fiancée, who counsel stated at the most recent hearing was willing to co-sign the bond. The Court finds that a co-signed signature bond—in combination with the other, restrictive conditions already set, including home incarceration with electronic monitoring—will reasonably assure the Defendant's appearance as required and the safety of any other person and the community. As stated on the record at the detention hearing, despite the Defendant's criminal history, he has not attempted to flee the jurisdiction of a court or harm any person while on a surety bond, including this year while on state bond for these same offenses. That said, the Court stated at the detention hearing that this was a "close call" and that a surety bond was a "required" condition. The Court continues to believe that a surety is required, but, on this record, the surety may be Ms. Peterkin, a person to whom the Defendant is bound by affection. In the alternative, the Court will consider a motion to reduce the corporate surety bond.

Accordingly, it is **ORDERED** that the Motion (Doc. 34) is **GRANTED** such that the USMS is directed to transport the Defendant to the United States Courthouse on October 14, 2022, for release subject to Pretrial Services Supervision on the Conditions of Release (Doc. 29) as modified by this Order. However, the Defendant must not be released by the USMS until Ms. Peterkin co-signs the bond. If she fails to co-sign the bond, the Defendant must remain in custody pending further proceedings.

**ORDERED** in Orlando, Florida on October 13, 2022.

Copies furnished to:
United States Marshal
United States Pretrial Services Office

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE