UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

CASE NO. 6:22-cr-96-PGB-DCI

v.

CURTIS TYRONE JOHNSON
_____/

**MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33(b)**

Within the time provided by Rule 33, Defendant, Curtis Tyrone Johnson, through Appellate Counsel appearing specifically for filing this Motion primarily, moves the Court to grant him a new trial based on newly discovered evidence and in support of this Motion shows as follows:

1. Curtis Tyrone Johnson was indicted by the Grand Jury in the Middle District of Florida on July 22, 2022. (Doc 1), and, arrested on August 11, 2022. (Doc.8)

2. Trial was held in the United States District Court (Judge Paul G. Byron) in February 2023. (Docs. 88-89) The verdict was returned on February 8, 2023. (Doc. 97) The Jury found Curtis Tyrone Johnson guilty of two (2) counts; possession of a firearm by a convicted felon, and possession with intent to distribute drugs, but not guilty as to count three (3), carrying a firearm in furtherance of a drug trafficking offense *Id*.

3. Since the date that the jury returned the verdict, the Defendant has discovered new evidence that was not available or known at the time of his trial.

4. The newly discovered evidence satisfies the five part test under Rule 33: (1) the evidence was in fact discovered after trial; (2) the Defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is of such a nature that a new trial would probably produce a

different result. *United States v. Lee,* 68 F.3d 1267 (11th Cir. 1995); *United States v. Thompson,* 422 F.3d 1285, 1294 (11th Cir. 2005); *United States v. Piazza,* 647 F.3d 559 (5th Cir. 2011).

5. Though some of the evidence that has been newly discovered does not relate directly to the issue of guilt or innocence, it still meets the standard for requiring a new trial. Newly discovered evidence need not relate directly to the issue of guilt or innocence to justify a new trial, but may be probative of another issue of law. Questions that would afford reasonable grounds to question the integrity of the verdict also may be raised in a Motion for New Trial based on newly discovered evidence. *United States v. Scrushy,* 721 F.3d 1288, 1304 (11th Cir. 2013). *See also, United States v. Bowen,* 799 F.3d 336 (5th Cir. 2015) (Rehearing en banc denied) 813 F.3d 600 (5th Cir. 2016); *Brecht v. Abrahamson,* 507 U.S. 619, 637 at n.9 (1993).

6. Based on the showing below regarding the newly discovered evidence, the Court is required to conduct an Evidentiary Hearing. *United States v. Culliver,* 17 F.3d 349 (11th Cir. 1994). This is true regardless of whether the Court is inclined to deny the Motion, *United States v. Gates,* 10 F.3d 765 (11th Cir. 1993), or to grant the Motion, *United States v. Culliver, supra.*

7. In *United States v. Gates*, supra, the Court held that the Post-trial Affidavit of a Co-defendant, who swore that he was responsible for the offense and that the Defendant was not responsible may not be rejected out-of-hand. In *Gates*, the Defendant offered evidence that this information was not available to him prior to trial—there was no indication that the Defendant failed to act with due diligence. The Eleventh Circuit held that the Court should have conducted an Evidentiary Hearing on this evidence.

8. "Newly-available" evidence must satisfy the five-part test to warrant a new trial. Thus, if an erstwhile Co-defendant is convicted and then expresses a willingness to testify in support of another Defendant, this evidence may be the basis of a Rule 33 newly-discovered Evidence Motion, though the Defendant must demonstrate that the defense can satisfy the five part test for newly discovered evidence.

9. As discussed below, the Defendant is requesting, in connection with this Motion, that he be permitted to engage in certain limited discovery with the permission of the Court, to perfect the record regarding certain claims in this Motion. The Court should permit a Defendant to engage in certain discovery in connection with a Motion For New Trial based on newly discovered evidence. See, e.g., <u>United States v. Espinosa-Hernandez,</u> 918 F.2d 911 (11th Cir. 1990); <u>United States v. Velarde,</u> 485 F.3d 553 (10th Cir. 2007).

## THE NEWLY DISCOVERED EVIDENCE

A. On or about March 19, 2024, the Office of the Federal Defender ("Office") which represented the Defendant on Appeal filed a "Notice of Conflict of Interest, Motion to Withdraw as Counsel, and Request for appointment of <u>Conflict- Free Counsel</u> ("Conflict Notice") [emphasis added]

B. The Conflict Notice stated that the "Office of the Federal Defender has determined that there is a conflict of interest that presents the Office from representing Mr. Johnson." App. Doc. 45 at 3.

C. The Conflict Notice further noted that the Office "informed Mr. Johnson of this Motion on March 18, 2023 and Mr. Johnson Approved of this Motion." App. Doc. 45 at 4.

D. Apparently, the assigned Assistant United States Attorney, Emily Chang, did not oppose the Motion. App. Doc at 4.

E. The Conflict Notice was filed subsequent to the Initial Brief by the Office of the Federal Defender, and, the Answer Brief by the United States.

F. Upon further limited investigation and inquiry, it was discovered that the alleged "conflict" hovers around a relationship between the Office's Trial Counsel and the Forfeiture Counsel for the United States, both of whom were assigned to Mr. Johnson's case at the trial level. (Doc. 16, 107) *but see* Docs.18; Doc. 102-1.

G. It is uncertain exactly when the relationship began nor the extent and nature of the relationship, all of which needs to be developed in a limited discovery, and, eventually, an Evidentiary Hearing.

H. The actual parties involved represented to the undersigned orally and without the benefit of an Oath, Swear, or affirmation that the relationship began in November, 2023 and continues to this date.

I. In an abundance of caution, the undersigned feels compelled to file this Motion and request limited discovery and an Evidentiary Hearing after the District Court's appointment of Trial Counsel.

J. The undersigned was appointed to represent Mr. Johnson on Appeal by the Eleventh Circuit, which appointment does not cover to extended nor extenuated service at the District Court level.

K. It is gainsay that "under the Sixth Amendment of The United States Constitution, a Defendant's right to counsel requires that Counsel be free of a conflict of interest

See <u>United States v. Garcia</u>, 517 F.2d 272, 278 (5th Cir. 1975) abrogated on other by <u>Flanagan v. United States,</u> 465 U.S. 259 (1984).[1]

L. Similarly, the relationship in question may disqualify the Office during the trial stages because the representation of Defendant creates an "appearance of impropriety". Unlike the American Bar Association Model Rules of Professional Conduct, under which "appearance of impropriety" is no longer a ground for Attorney disqualification, Florida Law retains this provision. See, <u>State Farm v. K.A.W.</u>, etc, et al, 575 So.2d 630, 633 (Fla. 1991).

## MEMORANDUM OF LAW

### Conflicts of Interest and the Prejudice Requirement

The Supreme Court has developed the standard for determining ineffective assistance of counsel based on conflicts of interests in cases beginning with <u>Glasser v. United States</u>, 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457 (1942), and continuing with <u>Holloway v. Arkansas</u>, 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978), <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980), and, <u>Wood v. Georgia</u>, 450 U.S. 261, 67 L. Ed. 2d 220, 101 S. Ct. 1097 (1981).

In <u>United States v. Cronic</u>, 466 U.S. 648, 662 n.31, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984), the Supreme Court made clear that a Defendant need not demonstrate prejudice in the context of a Conflict of Interest Claim. The Cronic Court, citing Cuyler, wrote, "we have presumed prejudice when Counsel labors under an actual conflict of interest, despite the fact that the constraints on Counsel in that context are entirely self-imposed." In Glasser, 315 U.S. at 75-

---

[1] The Eleventh Circuit in <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) ( en banc) declared that decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding on this Circuit.

76, the Court stated, "The right to have the assistance of counsel is too fundamental and absolute to allow Courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

The Cuyler Court also addressed the issue of "prejudice" when it wrote, "[a] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice," 446 U.S. at 349. This less onerous standard, dispensing with the prejudice requisite, has been applied in certain ineffective assistance cases based upon an alleged conflict of interest on the part of Defense Counsel. In a case where the conflict of interest emanated from the joint representation of Defendants, the Supreme Court held that "a Defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler*, 446 U.S. at 349-50.

**Appearance of Impropriety**

The Eleventh Circuit adopted a two-prong test for disqualification of an Attorney for creating an appearance of impropriety in *United States v. Hobson*, 672 F.2d 825 (11th Cir. 1982). First, although there need not be proof of actual wrongdoing, "there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur." . . . . Second, "a court must also find that the likelihood of public suspicion or obloquy outweighs the social interest which will be served by a Lawyer's continued participation in a particular case." . . . . "Under Canon 9, an Attorney should be disqualified only when both of these standards have been satisfied." Id. (quoting *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir. 1976)).

In Hobson, the "specifically identifiable impropriety" consisted of allegations that the Defendant's Attorney participated in the drug trafficking conspiracy for which the Defendant had been charged. The Court found that testimony about this impropriety would raise public suspicion and would "impugn severely [the Attorney's] integrity and credibility in the eyes of the Jury." *Id.* at 828. In addition, it "could result in erosion of public confidence in the integrity of the Bar and of the Legal System." *Id.* at 829. Therefore, the District Court properly disqualified the Defendant's Attorney in the case.

Given the foregoing relationship, which may have started during the trial stages of the underlying prosecution, Defendant was denied due process and was wrongfully convicted by a prosecutorial team and misconduct. Justice requires that discovery occur, and an Evidentiary Hearing be held to determine whether Defendant's convictions should be overturned by granting a new trial.

Dated: May 9, 2024

Respectfully submitted,

*/s/ Noel G. Lawrence*
NOEL G. LAWRENCE, ESQUIRE
Florida Bar No.: 844251
LAW OFFICES OF
NOEL G. LAWRENCE, P.A.
101 East Union Street, Suite 200
Jacksonville, Florida 32202
Telephone: 904-356-9928
Facsimile: 904-356-6762
Email: nglawren@lpnlaw.com
Secondary Emails: Nglawren@prodigy.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all Counsel of Record, or, pro se Parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or, in some other authorized manner for those Counsel or Parties who are not authorized to receive electronically generated Notice of Filing.

/s/ Noel G. Lawrence
Noel G. Lawrence, Esquire

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee-Plaintiff
vs..
CURTIS TYRONE JOHNSON
Appellant-Defendant

APPEAL NO: 23-11730-GG
DCDN.: 6:22-cr-96-PGB-DCI-1

_____/

**APPELLANT'S CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Counsel for Appellant certifies that the following persons have an interest in the outcome of this case:

Lynn P. Bailey;
Hon. Paul G. Byron;
Emily C. L. Chang;
Meghan Ann Collins;
Michael P. Felicetta;
Beatriz Gonzalez;
A. Fitzgerald Hall;
Roger B. Handberg;
Jennifer Michele Harrington;
Hon. Leslie Hoffman Price;
Hon. Daniel C. Irick;
Curtis Tyrone Johnson;
Noel G. Lawrence;
Karla Mariel Reyes;
David P. Rhodes;
Yvette Rhodes;
Michael Shay Ryan; and;
James T. Skuthan,

No Publicly Traded Company or Corporation has an interest in the outcome of this Case or Appeal.

C-1 of 2

May 9, 2024

Respectfully submitted,

*/s/ Noel G. Lawrence*
NOEL G. LAWRENCE, ESQUIRE
Florida Bar No.: 844251
LAW OFFICES OF
NOEL G. LAWRENCE, P.A.
101 East Union Street, Suite 200
Jacksonville, Florida 32202
Telephone: 904-356-9928
Facsimile: 904-356-6762
Email: nglawren@lpnlaw.com
Secondary Emails: Nglawren@prodigy.net
pwebb@lpnlaw.com
Attorney for Appellant/Defendant

Dated: May 9, 2024

C-2 of 2