UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                                  Case No. 6:22-cr-96-PGB-DCI

CURTIS TYRONE JOHNSON

**UNITED STATES' MOTION FOR *IN CAMERA*, *EX PARTE* REVIEW AND
RULING ON GOVERNMENT'S DISCLOSURE OBLIGATIONS,
OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

The United States moves this Court for permission to file certain materials under seal and *ex parte* with the Court for the purpose of demonstrating that the materials need not be produced to Johnson as part of the litigation surrounding his new trial motion. In the alternative, the United States is seeking a protective order before the materials are provided to Johnson that would limit his use and disclosure of the materials and would protect the identities and confidentiality of third parties.

**I.    Factual Background and Procedural History**

This matter comes before the Court on Johnson's Motion for a New Trial. Doc. 149. In his motion, Johnson alleges that he is entitled to a new trial because of newly discovered evidence, namely, a conflict of interest by his trial attorney. The United States' response in opposition to the motion is being filed contemporaneously with this motion. The remaining factual and procedural history is set forth in that opposition, which we incorporate as if set forth fully herein.

II.     **Argument**

As set forth in the United States' opposition to Johnson's Motion for a New Trial, Johnson's allegations, if true, fail to demonstrate that he is entitled to relief. As a result, this Court should also determine that he is not entitled to the discovery that he requests, and this Court could do so without any review of the available materials. *See Ochoa v. United States*, 45 F.4th 1293, 1300–01 (11th Cir. 2002) (holding, on collateral review, that the defendant was not entitled to discovery or an evidentiary hearing because "his allegations are insufficient to support his theory that [his counsel's] conflict of interest affected his defense"); *see also United States v. Scrushy*, 721 F.3d 1288, 1300–02 & n.27 (11th Cir. 2013) (affirming the District Court's denial of the defendant's request for discovery about a potential conflict of interest by a United States Attorney, after the Court had reviewed responsive materials *in camera*, because the District Court had correctly determined that the defendant's "grounds for a new trial [were] facially insufficient as a matter of law.").

Nonetheless, the United States has undertaken a review of the records available to it related to the relationship between Johnson's trial counsel, who was an Assistant Federal Defender during her representation of Johnson, and the Assistant United States Attorney assigned to the asset forfeiture matters in Johnson's case.[1] If necessary, the United States requests permission to provide these materials to the Court for an *in camera*, *ex parte* review and a determination that they need not be

---

[1] The United States has disclosed to Johnson, through his new counsel, all communications and materials in its possession involving the forfeiture AUSA and the Johnson trial.

provided to Johnson because there is no basis for their discovery. The United States is prepared to provide these materials directly to the Court upon its Order.

This Court has broad discretion to regulate discovery, including the power to hold *ex parte* hearings. Federal Rule of Criminal Procedure 16(d)(1) provides:

> *Protective and Modifying Orders.* At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

*See also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (noting "[t]he broad authority of the district court to regulate discovery").

The materials the United States has gathered but has not disclosed to Johnson do not and cannot affect the outcome of his motion for a new trial proceeding, because Johnson would be unable to meet his burden even if these materials were disclosed. The United States requests that the Court deny Johnson's request for discovery, as set forth in its opposition to his new trial motion, or inspect the materials *in camera* and *ex parte* and determine that the United States need not disclose them to Johnson.

If the Court determines that the United States must disclose to Johnson any of these materials, the United States respectfully requests that the Court issue a protective order pursuant to Fed. R. Crim. P. 16(d)(1) that limits Johnson's use and disclosure of the information as follows:

a.  defendant and defense counsel are prohibited from disclosing the information to anyone other than the defendant, defense investigators, and the Court, or from using the information for any purpose other than litigation in this case;

b.  defense counsel is prohibited from copying, reproducing, or disseminating the information to anyone other than the defendant or his investigators in connection with this case;

c.  should defendant or defense counsel need to file any motion, pleading, or other notice referencing the information, defendant and defense counsel shall be required to seek leave from the Court to file any such document under seal and will redact the names and confidential information of third parties not involved in this case; and

d.  upon termination of this action and any appeal, or at the conclusion of defense counsel's representation of the defendant, whichever occurs first, defense counsel shall return the information to the government or certify that all copies of said materials have been destroyed.

The purpose of the requested protective order is to protect from unnecessary public disclosure materials that have not been shown to be needed for the resolution of Johnson's motion and that may contain information protected by the deliberative process privilege, as well as personal information that may be embarrassing or distressing to persons with no relation to this case.

The United States consulted with counsel for Johnson, Noel G. Lawrence, Esq. Counsel opposes the United States's request for an *ex parte* review but does not oppose the entry of a protective order.

## III.    Conclusion

For the foregoing reasons, the United States respectfully requests that the Court: (1) permit the United States to provide certain materials under seal for an *in camera*, *ex parte* review; (2) determine that the United States is not required to disclose any of these materials to Johnson; and (3) in the alternative, if the Court rules that any of the communications should be disclosed, issue a protective order that limits Johnson's use and disclosure of the information.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    */s/ Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 094468
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail:    Michael.Felicetta@usdoj.gov

**United States v. Curtis Tyrone Johnson**       **Case No. 6:22-cr-96-PGB-DCI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Noel G. Lawrence, Esquire.

/s/ *Michael P. Felicetta*
Michael P. Felicetta
Assistant United States Attorney
Florida Bar No. 094468
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail:   Michael.Felicetta@usdoj.gov